UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
MARYANN MALTESE,

                Plaintiff,

      v.

DELTA AIRLINES CORPORATION; TD
BANK REGIONAL NYS CORPORATION,

                Defendants.
-----------------------------------------------------------x

**MEMORANDUM & ORDER**

24-CV-4311 (RPK) (LB)

RACHEL P. KOVNER, United States District Judge:

*Pro se* plaintiff Maryann Maltese brings this action against Delta Airlines Corporation and TD Bank Regional NYS Corporation. As set forth below, Delta Airlines' motion to dismiss plaintiff's complaint for lack of subject-matter jurisdiction is granted, and TD Bank's motion to dismiss the complaint on other grounds is denied as moot.

## BACKGROUND

The complaint consists of hand-written answers to questions in a form complaint, along with attached exhibits. *See* Compl. (Dkt. #1). The factual allegations in the complaint are assumed true for the purposes of this order.

On March 12, 2024, plaintiff took a flight on Delta Airlines from Tampa, Florida, to John F. Kennedy ("JFK") Airport in New York. *Id.* at 5. During the flight, a man sitting in the aisle seat in her row engaged in public masturbation while looking at plaintiff. *Id.* at 6. Plaintiff also alleges that the flight was delayed, *id.* at 5, and that the flight was full, *id.* at 6. The exhibits attached to the complaint indicate that once the flight landed, plaintiff filed a police report with the Port Authority Police Department at JFK, complaining of "disturbance." *Id.* at 7. The exhibits also include e-mail communications with defendants, in which plaintiff sought a refund

1

for her travel expenses and was denied.  *See id.* at 8–25.

Plaintiff filed this action against Delta Airlines and TD Bank in June 2024, seeking "$3,000 plus damages for sexual lewd actions" because "Delta had no 'plan' and TD Bank my bank fail[ed] to refund."  *Id.* at 6.  Delta Airlines moved to dismiss the action for lack of subject-matter jurisdiction and failure to state a claim.  *See* Mot. to Dismiss by Delta Airlines (Dkt. #13).  TD Bank filed a pre-motion letter regarding an anticipated motion to dismiss for failure to state a claim and failure to include a short and plain statement of the claim, which the Court converted into a motion to dismiss.  *See* Mot. for Pre-Mot. Conf. by TD Bank (Dkt. #14); Aug. 22, 2024 Order.  Plaintiff did not respond to either motion to dismiss, despite being twice ordered to do so.  *See* Aug. 22, 2024 Order; Sept. 13, 2024 Order.

Meanwhile, plaintiff filed an interlocutory appeal from an order denying plaintiff a hearing.  *See* Not. of Interlocutory Appeal (Dkt. #18).  While a district court must ordinarily stay its proceedings while an interlocutory appeal is pending, "district courts may certify an interlocutory appeal as frivolous and retain jurisdiction of the case despite the ongoing appeal."  *Hitachi Constr. Mach. Co. v. Weld Holdco, LLC*, No. 23-CV-490 (NRB), 2024 WL 263229, at *1 n.1 (S.D.N.Y. Jan. 23, 2024); *see Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 629 (2009) ("Appellate courts can . . . authorize the district court's retention of jurisdiction when an appeal is certified as frivolous."); *Carroll v. Trump*, 88 F.4th 418, 433 (2d Cir. 2023) ("[D]istrict courts may retain jurisdiction notwithstanding appeal if the appeal is frivolous.").  The Court certifies that plaintiff's interlocutory appeal is frivolous and therefore retains jurisdiction to decide defendants' motions to dismiss.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(1) permits a party to move to dismiss a complaint

2

for "lack of subject-matter jurisdiction."  "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it."  *Lyons v. Litton Loan Servicing LP*, 158 F. Supp. 3d 211, 218 (S.D.N.Y. 2016) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)).  When considering a motion to dismiss under Rule 12(b)(1), a court takes as true the factual allegations in the complaint but does not draw inferences favorable to the party asserting jurisdiction.  *See J.S. ex rel. N.S. v. Attica Cent. Schs.*, 386 F.3d 107, 110 (2d Cir. 2004).  The court may also look beyond the complaint to such things as affidavits or other documents.  *See Kamen v. Am. Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir. 1986).

When a plaintiff proceeds *pro se*, her complaint must be "liberally construed," and "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).  *Pro se* status, however, "does not exempt a party from compliance with relevant rules of procedural and substantive law."  *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## DISCUSSION

A federal court must have subject-matter jurisdiction to decide a case.  *Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700–01 (2d Cir. 2000).  Federal jurisdiction only exists when there is "diversity of citizenship" among the parties and the amount in controversy exceeds $75,000, *see* 28 U.S.C. § 1332, or when a "federal question" is presented, *see id.* § 1331.  Here, neither basis for federal jurisdiction is present.

In the form complaint's jurisdiction section, plaintiff asserts federal question jurisdiction as the basis for jurisdiction, *see* Compl. 3–4, but "a federal question is [not] presented on the face

3

of the . . . complaint," *Whitehurst v. 1199SEIU United Healthcare Workers E.*, 928 F.3d 201, 206 (2d Cir. 2019) (citation omitted). In the space to specify which federal statutes, treaties, and constitutional provisions are at issue, plaintiff does not identify any federal law and instead writes "sexual assault-public lewd action on aircraft of Delta Airlines, police report NYS NJ Port Authority 24k-7846." Compl. 4. And even broadly construed, the factual allegations—which center on plaintiff's exposure to public masturbation on a flight and defendants' subsequent refusal to refund her travel expenses—do not suggest any federal question is presented.

The Court also lacks diversity jurisdiction, as plaintiff's claim for "$3,000 plus damages," Compl. 6, does not satisfy the amount-in-controversy requirement. "Where the complaint does not specify the particular amount of damages sought, the Court looks to the facts alleged in the complaint, along with those alleged in the removal papers, to determine whether it appears to a reasonable probability that the jurisdictional amount has been reached." *Whitter v. Waizenegger*, No. 19-CV-283 (AT), 2019 WL 6210848, at *1 (S.D.N.Y. Nov. 21, 2019) (citation and quotation marks omitted). While plaintiff does not specify the amount in "damages" she seeks beyond $3,000, she has "not presented sufficient allegations or evidence to show a reasonable probability that the amount in controversy in this case exceeds $75,000." *Ibid.* Moreover, complete diversity of citizenship appears to be lacking, as plaintiff alleges that both she and TD Bank are located in New York, and the complaint does not include any facts otherwise suggesting TD Bank is domiciled in another state. *See* Compl. 2; *Tagger v. Strauss Grp. Ltd.*, 951 F.3d 124, 126 (2d Cir. 2020) ("Section 1332 requires complete diversity, meaning that all plaintiffs must be citizens of states diverse from those of all defendants." (citation and quotation marks omitted)).

Accordingly, this Court lacks jurisdiction over plaintiff's claims, and Delta Airlines' motion to dismiss the complaint for lack of subject-matter jurisdiction is granted. TD Bank's

4

motion to dismiss the complaint on other grounds is denied as moot. Although plaintiff has "not directly asserted, or suggested through facts in the[] complaint, any . . . basis" for federal jurisdiction, the Court nevertheless grants plaintiff "leave to amend [her] complaint to assert a basis for subject matter jurisdiction" in light of her *pro se* status. *Naughton v. Naughton*, No. 11-CV-2865 (SLT) (LB), 2011 WL 3701972, at *3 (E.D.N.Y. Aug. 23, 2011). Any amended complaint must be filed within thirty days. If plaintiff does not file an amended complaint within thirty days, or if the amended complaint fails to correct the deficiencies identified in this order, the action will be dismissed.

## CONCLUSION

Delta Airlines' motion to dismiss is granted, and the complaint is dismissed without prejudice for lack of subject-matter jurisdiction. TD Bank's motion to dismiss is denied as moot. All further proceedings are stayed for thirty days. If plaintiff does not file an amended complaint within thirty days, the Court will enter an order dismissing the action and closing the case. Although plaintiff paid the filing fee to commence this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore denies *in forma pauperis* status for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

/s/ Rachel Kovner
RACHEL P. KOVNER
United States District Judge

Dated:  October 3, 2024
        Brooklyn, New York

5